IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

03 FEB 24  AM 9: 24

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| ALBERT WATSON, | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | CV-02-H-2284-S |
| ENERGY DISPATCH, LLC., | ) | |
| DEFENDANT. | ) | |

ENTERED

FEB 24 2003

**MEMORANDUM OF DECISION**

On September 16, 2002, Heather N. Leonard filed on behalf of her client, plaintiff herein, a complaint, requesting service of process by certified mail on the defendant. The envelope containing the summons[1] and complaint directed to Energy Dispatch, LLC., c/o The Corporation Company, 60 Commerce Street, Ste. 1100, Montgomery, AL 36104 (with PSForm 3811 - domestic return receipt - attached to the reverse side) was returned on September 25, 2002 by the post office to the clerk of court with a stamp reflecting "not deliverable as addressed, unable to forward - return to sender."[2] The envelope with that legend was filed in this case on September 26, 2002 (docket number 3). Also

---

[1] Pursuant to the court docket sheet, plaintiff requested service by certified mail on September 16, 2002. The court docket sheet reflects that the summons was signed and sealed by a Deputy Clerk and mailed by certified mail on September 17, 2002.

[2] The signed and sealed summons issued September 16, 2002 remains in the envelope.

9

on September 26, 2002, an additional attorney, Marvin L. Stewart, Jr., entered an appearance on behalf of plaintiff.

The court record does not reflect any subsequent effort by plaintiff to obtain another summons or to serve a copy of a valid summons and complaint upon defendant within 120 days after September 16, 2002, as required by Fed. R. Civ. P. 4(m).  The 120 day period expired January 14, 2003.  Twenty-one days later, on February 4, 2003, the court entered an order calling to plaintiff's attention the absence of service and granting plaintiff until February 20, 2003 to cause the court file to reflect "valid service of process, or a waiver thereof," and putting plaintiff on notice that the action would be dismissed pursuant to Rule 4(m) should plaintiff fail so to do.  A third attorney entered an appearance for plaintiff on February 6, 2002.

The court record still fails to reflect service of process or a waiver thereof.  On February 20, 2002, 37 days after the Rule 4(m) time period had expired, and 16 days after the court had called plaintiff's attention to the matter and expressly giving 16 additional days within which to reflect on court records valid service, plaintiff filed a motion for clarification of the service issue, or, in the alternative, for additional time within which to serve.  Also on February 20, 2003 plaintiff filed a "Notice of Filing Return of Service."  The notice has an attachment which plaintiff represents to be an "executed return of service establishing service of the summons and complaint" on defendant.  This is simply not correct.  No summons other than

2

the one signed, sealed and issued by the Deputy Clerk on September 17, 2002 has been issued, and the one issued by the court on September 17, 2002 remains in the envelope returned to the court by the Postal Service on September 26, 2002. The alias summons attached to the notice does not satisfy Fed. R. Civ. P. 4. It is undated; it is not signed by the Clerk or a Deputy Clerk; and it does not bear the seal of the court.

The motion for clarification is due to be denied. As to the alternative motion for additional time, the motion fails to explain in any manner the inattention that counsel for plaintiff seems to have given this action. By at least the middle of October 2002 counsel should have realized that no appearance had been entered on behalf of defendant and that no response to the complaint had been filed. Approximately three months remained at that time on the Rule 4(m) prescribed 120 days. The February 4, 2003 order provided plaintiff sufficient extra time to serve. Plaintiff has had one hundred fifty-seven days since the complaint was filed. The February 20, 2003 motion totally fails to show the "good cause" required by Rule 4(m). The motion also totally fails to provide anything approaching "excusable neglect" required by Rule 6(b). The alternative motion for additional time within which to serve also is due to be denied.

A separate order will be entered which will also dismiss the action, without prejudice for lack of prosecution.

DONE this 24th day of February, 2003.

James W. Hancock
SENIOR UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of Alabama
February 24, 2003

* * MAILING CERTIFICATE OF CLERK * *

Re:   2:02-cv-02284

True and correct copies of the attached were faxed or mailed
by the clerk to the following:

    Heather N Leonard, Esq.
    HEATHER LEONARD PC
    The Gross Building
    2108 Rocky Ridge Road, Suite 1
    Birmingham, AL   35216

    Marvin L Stewart Jr, Esq.
    THE STEWART LAW GROUP PC
    One Independence Plaza, Suite 305
    Birmingham, AL   35209

    James A Barnes IV, Esq.
    THE STEWART LAW GROUP PC
    One Independence Plaza, Suite 305
    Birmingham, AL   35209




    Energy Dispatch, LLC
    c/o Registered Agent, Robert J. Dumbachery
    300 Technology Court
    Smyrna, GA   30082