FILED
2005 Jul-19 PM 01:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF ALABAMA
                 SOUTHERN DIVISION

ALBERT WATSON,                  }
                                }
     Plaintiff,                 }
                                }       CIVIL ACTION NO.
v.                              }       02-AR-2284-S
                                }
ENERGY DISPATCH, LLC,           }
                                }
     Defendant.                 }
```

## MEMORANDUM OPINION

The court has before it the petition for attorneys' fees of plaintiff, Albert Watson ("Watson"). As a prevailing Title VII plaintiff, Watson seeks an award of attorney fees in the amount of $86,326 and costs of $3,755, for a total of $90,081. *See* 42 U.S.C. § 2000e-5(k). As the court noted in its memorandum opinion and order entered on July 1, 2005, it will not award attorney fees for time spent by non-lawyers. Accordingly, the court's analysis begins by subtracting $901 (10.6 hours at $85 per hour) from the amount claimed.

As the parties agree, the lodestar is the appropriate method for determining a reasonable fee. *See Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Based on the affidavits submitted by the parties, the court determines that a reasonable hourly rate for Watson's lead counsel, John Saxon ("Saxon"), is $250. Saxon is an experienced employment litigator and this rate is well within the range of reasonable compensation as determined by the prevailing market rates in the Northern

District of Alabama. For time spent by Saxon's associate, Steve Austin ("Austin"), a reasonable hourly rate under the lodestar method is $140.

In determining these hourly rates, the court has considered various factors in addition to the prevailing market rate. The legal issues presented in this case were relatively straightforward. Plaintiff's counsel undertook substantial risk by accepting the case on a contingent fee basis, and achieved excellent results in light of the relief sought from the jury. These factors, together with prevailing market rates and the relative degrees of legal experience and skill Saxon and Austin brought to bear on Watson's behalf, justify their respective hourly rates of $250 and $140.

The second part of the lodestar inquiry is to determine the extent to which the number of attorney hours requested is reasonable. While most of the hours submitted by counsel appear to be reasonable, the court will exclude several items that are not properly compensable. First, time spent after the verdict communicating with the news media will be excluded. The time records submitted by Watson's counsel do not make it clear how much of the 8.3 hour entry for Mr. Saxon on April 28, 2005, was related to communications with the media, but the court takes judicial knowledge of the fact that the jury did not return its verdict until late in the afternoon, such that the majority of hours represented by that entry were necessarily related to the

trial itself.  The court will reduce Saxon's time by 1.8 hours for April 28, leaving Saxon and Austin with the same number of hours for that day.

Energy Dispatch complains about billing entries for intra-office conferences, and the court agrees that Saxon and Austin should not be allowed to double-bill for such conferences. Accordingly, the court will reduce Austin's time by 1.9 hours, representing time billed for intra-office conferences for which Saxon also billed on January 11, February 18, March 17, 23, 24, and 25, 2005.  The court will also exclude .20 hours from Austin's April 6, 2005, time entry related to a telephone conversation with the court's deputy regarding exhibit labels and settlement, as the matters discussed were clerical in nature and not properly compensable as attorney fees.

Energy Dispatch complains generally about plaintiff's counsel's "block billing" entries for particular days.  The court agrees that this practice can be problematic, particularly when there is a need to scrutinize the reasonableness of particular items within the block entry.  What Energy Dispatch has failed to point out, and what the court does not see, however, is particular entries that beg for scrutiny as to reasonableness in this case.  As Saxon attests in his affidavit, he has already exercised "billing judgment to exclude any hours which were duplicative, inefficient, or otherwise unnecessary or unwarranted."  From the court's review of the time entries

submitted, it sees no reason to doubt that, with the exceptions already noted, the hours submitted are reasonable.

Energy Dispatch takes issue with the total number of hours submitted by Saxon and Austin in light of the "relatively straight-forward issues" in the case. Conspicuously absent from Energy Dispatch's opposition and from its lawyer's affidavit is any reference to the number of hours its lawyers spent defending the case. Energy Dispatch's lawyers are candid regarding the hourly rates they charged their client, and forcefully argue by comparison that a reasonable rate for plaintiff's counsel should be roughly the same rate Energy Dispatch paid its lawyers. There is a remarkable lack of argument by comparison, however, when it comes to the reasonableness of the **number** of hours Watson is seeking. With the previously noted exceptions, the court will award attorney fees for all hours submitted by Watson. The costs sought by Watson are not disputed by Energy Dispatch, and the court determines them to be reasonable.

In light of the foregoing findings, the court expressly holds that the appropriate hourly rate for arriving at a fee award in this case is **$250** for Saxon and **$140** for Austin and that the reasonable number of hours is **179.9** for Saxon and **115.9** for Austin. The court further holds that there are no facts presented which would justify deviation from the lodestar approach.

Accordingly, the court hereby determines that Watson is

entitled to recover fees and costs and will, by separate order, award attorney fees in the amount of $61,201 ($250 x 179.9 + $140 x 115.9); and costs in the amount requested, $3,755; for a total award of $64,956, in addition to the earlier judgment.

    DONE this 19th day of July, 2005.

                                    _____
                                    WILLIAM M. ACKER, JR.
                                    UNITED STATES DISTRICT JUDGE